# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

### ELIZA D. CRANE, Respondent, *v.* MARY ANN CRANE, Appellant.

*Pleading — when a denial "of each and every allegation in the complaint not herein-before admitted or explained" will be sustained.*

APPEAL from a judgment in favor of the plaintiff, entered in Livingston county, upon the report of a referee.

The action was brought to recover a quantity of household goods, a piano, and some books used in a family library. The plaintiff claimed title to the piano and the library, and some few articles of the household furniture, by a gift from her deceased father, George W. Crane, and to a portion of the other items as the administratrix of the estate of her deceased mother, Mary D. Crane. The defendant claims title, as the administratrix of the estate of the said George W. Crane, who, at the time of his death, was her husband, and she also claimed that all the property in controversy was owned by her late husband at the time of his death, and that it was used as his household furniture and library. In her answer, the defendant pleads her title as administratrix.

The court, at General Term, after holding that the court below erred in permitting the plaintiff to testify as a witness as to conversations and transactions had with her father, and that a new trial should for that reason be granted, said : " The plaintiff claims that her title to the property, as averred in the complaint, was not put in issue by the answer. The defendant insists that, by a general denial contained therein, the plaintiff's allegation of title was put in issue. The question presented is, whether the form of denial, as used by the defendant, is permissible under the provisions of the Code of Civil Procedure, which provides that the answer must contain 'a general or specific denial of each material allegation of the complaint controverted by the defendant.' (Sec. 500.) The complaint alleges

that the defendant 'wrongfully took, and wrongfully detains from the plaintiff the following articles of personal property belonging to the said plaintiff.' Then follows a description of the property, and the complaint then continues: 'in which the plaintiff claims property and right to immediate possession, of the value of two hundred and fifty dollars.' In her answer the defendant alleges, in substance, her marriage to the deceased and that she resided with him at the time of his death, and that the property in dispute was in the possession of her husband at the time of his death, and that all the property since that time has remained in her possession, except the gold watch mentioned in the complaint, which was never in her possession; that she has been appointed the administratrix of the estate of her husband, and that all she has done in relation to the property was in her capacity as administratrix, and not otherwise; that all the property mentioned in the complaint, except the item before mentioned, belonged to, and the title in and to the same was in, her said husband in his lifetime, and at his death belonged to his estate. Then follows the concluding paragraph, viz.: 'The defendant denies each and every allegation in the complaint not hereinbefore admitted or explained.' This denial, general in form, embraced every allegation in the complaint which had not been admitted or explained by the previous allegations in the answer. The defendant did not admit nor attempt to make any explanation as to the plaintiff's title. All the allegations in the answer previous to the paragraph containing the denial related to the defendant's own title, stating the nature and character of the same and the person from whom it was derived. If this form of denial is permissible, then the plaintiff's title was put in issue. On this question the authorities are not uniform. In *Calhoun* v. *Hallen* (25 Hun, 155) the form of an answer which denied all the allegations in the complaint which were not admitted, qualified or explained, was held to be sufficient to put in issue all the allegations in the complaint not embraced in the exception. The court cited *Allis* v. *Leonard* (46 N. Y., 688; 22 Alb. Law Jour., 28) as authority for its decision. In *Clark* v. *Dillon* (97 N. Y., 370) the question was presented as to the effect of a general denial when put in the form as used in the answer before us, and it was remarked by the court that such an answer has sometimes been criticised as throwing

upon the opposite party the necessity of first determining the legal question as to how far the facts stated may properly be said to qualify or explain others, before the pleader can know what facts are admitted or denied by the pleading, and referred to the case of *Calhoun* v. *Hallen, supra,* which held that the same was sufficient, but did not pass upon the question.

"We are inclined to follow the ruling in *Calhoun* v. *Hallen,* and hold that this form of answer, while not to be commended, is permissible and serves to put in issue all the allegations in the complaint not embraced in the exception.

" Judgment reversed and a new trial granted before another referee, costs to abide the event."

*Daggett & Norton,* for the appellant.

*F. C. Peck,* for the respondent.

Opinion by BARKER, J.; SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment reversed and new trial ordered before another referee, costs to abide event.